IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| J.R. FLETCHER,<br><br>Petitioner/Defendant,<br><br>vs.<br><br>UNITED STATES,<br><br>Respondent/Plaintiff. | Cause No. CV 20-50-BLG-SPW-TJC<br><br>FINDINGS AND<br>RECOMMENDATION OF U.S.<br>MAGISTRATE JUDGE |

This matter comes before the Court on a motion seeking removal of a detainer lodged against Defendant Fletcher on November 28, 1979. Fletcher is incarcerated at Montana State Prison and challenges a detainer lodged on behalf of the United States Parole Commission.

The case number Fletcher used on his motion was not familiar to the Court, and Fletcher is not a defendant in any criminal case in this Court. Fletcher claims the detainer affects his current prospects for State parole. *See* Affidavit[] (Doc. 6) at 2. The Court will assume that is true and will consider the motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241. There is no need to determine the correct Respondent.

Fletcher claims the detainer is invalid because he completed his federal

1

sentence. *See* Pet. (Doc. 1) at 1; Affidavit[] (Doc. 6) at 1. He also seems to assert that the detainer was removed or dismissed at some point because classification forms from Montana State Prison do not indicate its continued existence. *See id.* at 2; Aff. Exs. (Doc. 6-1 at 3–16). And he points to a federal form that he believes indicates his sentence expired on August 8, 1978. *See* Resp. to United States (Doc. 9) at 2.

As the Court understands them, the documents filed by Fletcher and the United States refute Fletcher's claims. Fletcher was originally sentenced to a four-year sentence for two federal offenses in the Western District of Oklahoma. Fletcher's sentence began to run on October 20, 1975. *See* Sentence Computation Record (Doc. 6-1) at 1. He received credit for time served from July 3, 1975, to August 1, 1975, and from August 10, 1975, to October 19, 1975. Therefore, he would have served the full term of four years on July 10, 1979. *See id.*; *see also* Hr'g Summary (Doc. 7-1) at 1 ("Full Term Date"); Warrant Application (Doc. 7-4) at 1 ("Termination Date").

Assuming he was not paroled, Fletcher could have earned a total of 336 days' good time over the course of his four-year term, at a rate of seven days per month. *See* Sentence Computation Record (Doc. 6-1) at 1. With both credit for time served and good time, he would have been eligible for "mandatory release" on August 8, 1978. *See id.* The term "mandatory release" did not mean "discharge

2

of the prison sentence." It was a benefit of good time, under chapter 309 of Title 18, and a form of early release similar to but different from parole. Thus, had Fletcher earned and retained all available good time, but without obtaining parole, he would have been released on August 8, 1978, and, under a 1976 revision to the law, would have discharged his sentence on January 11, 1979. *See id.*; 18 U.S.C. §§ 4163, 4164 (1976).

But Fletcher was paroled. He left prison nearly ten months early, on October 12, 1977. *See* Certificate of Parole (Doc. 7-3) at 1. At that point, the provisions of the law relevant to mandatory release did not apply to him. His case fell under the provisions governing parole, chapter 311 of Title 18 of the United States Code.

On January 19, 1979, Sam Shoquist, a case analyst with the United States Parole Commission, recommended that a warrant issue for Fletcher's detention on the grounds that he violated his conditions of release when he was charged with DUI and burglary of an automobile in Mustang, Oklahoma, on or about December 20, 1978. *See* Warrant Application (Doc. 7-4) at 1–2. A Parole Commissioner issued a warrant the same day. *See* Warrant (Doc. 7-5) at 1.

On or about April 8, 1979, Fletcher was arrested on state charges in Idaho. Case analyst Shoquist subsequently issued two supplements to the original warrant application. The first, dated June 25, 1979, reflected additional reports of

3

violations including failing to report, leaving the Western District of Oklahoma without permission, associating with a felon, possessing a firearm, and attempting to commit murder. *See* Warrant App. Supp. (Doc. 7-6) at 1–2. The second supplement, dated October 11, 1979, reflected a report that, on September 21, 1979, Fletcher pled guilty to deliberate homicide in Flathead County, Montana, and was sentenced to serve 100 years in prison at hard labor. *See* Warrant App. Second Supp. (Doc. 7-8) at 1.

On October 22, 1979, the United States Marshals Service sent a detainer to the Warden of the Montana State Prison, notifying him of the warrant issued by the United States Parole Commission. A steno clerk at the prison noted receipt of the detainer on October 30, 1979. *See* Detainer (Doc. 7-9 at 1) (Copy 2 "Receipt Copy—USMS"); Pet. Ex. (Doc. 1-1 at 1) (Copy 4 "Prisoner"). It appears the Commission received notice of the detainer on November 28, 1979. *See, e.g.*, Notice of Pending Dispositional Review (Doc. 7-10) at 1; Notice of Review on the Record (Doc. 7-14) at 1.

Federal parole authorities reviewed Fletcher's file at various times between 1979 and 1996. *See* Docs. 7-11, 7-12, 7-13, 7-14, 7-15, 7-17. On December 16, 1996, the Commission issued a "Notice of Action" stating that Fletcher would "be afforded a revocation hearing when [he] come[s] into federal custody." Notice (Doc. 7-16) at 1. In other words, the warrant will remain outstanding until Fletcher

leaves the custody of the State of Montana. Then, federal authorities will arrest him, and the federal parole authority will consider whether to revoke his federal parole and, if so, how to sanction him.

Fletcher asserts that "no one can start and stop my time," meaning his original federal prison sentence expired when it was scheduled to expire. *See* Resp. to United States (Doc. 9) at 2. But the law says otherwise. *See, e.g.*, *Cotton v. United States Parole Comm'n*, 992 F.2d 270, 271 (10th Cir. 1998). The Parole Commission's issuance of a warrant on January 19, 1979, precluded expiration of his federal prison sentence on July 10, 1979. Issuing a warrant is not the same thing as executing it or "retaking" the parolee. *See* 18 U.S.C. §§ 4213, 4214(b) (1976); *see also* 18 U.S.C. § 4205 (1970). Common sense dictates this result as well. Under the rule Fletcher proposes, parolees could simply abscond from supervision and elude detection until termination day.

The Court does not know why the Parole Commission's warrant does not appear as a detainer or notice on Fletcher's classification forms at Montana State Prison, but it does not matter. If even a state judge cannot determine the fate of a federal parolee, *see Cotton*, 992 F.2d at 271, a classification form certainly cannot.

The Court sees no basis for relief in fact or law. Fletcher's motion, construed as a habeas petition, should be dismissed. A certificate of appealability is inapposite, because Fletcher is not challenging his detention under State

5

authority and because the current petition is not a motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(A)–(B).  But Fletcher should not be permitted to proceed in forma pauperis on appeal.  *See* Fed. R. App. P. 24(a)(3)(A).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Fletcher's motion, construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, should be DISMISSED for failure to state a claim.

2.  The District Court should direct the clerk to enter, by separate document, a judgment of dismissal.

3.  The District Court should CERTIFY that any appeal from this disposition would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Fletcher may object to the Findings and Recommendations within 14 days. *See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Fletcher must immediately advise the Court of any change in his mailing</u>

---

[1] This deadline allows a party to act within 14 days after service of the Findings and Recommendation.  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.

address. Failure to do so may result in dismissal of the action without notice to him.

DATED this 16th day of September, 2020.

                                              */s/ Timothy J. Cavan*
                                              Timothy J. Cavan
                                              United States Magistrate Judge